# IN RE MYGATT.

PATENTS; APPEAL AND ERROR; INTERLOCUTORY ORDERS; PROCEDURE.

1. An appeal will not lie from an interlocutory order of the Commissioner of Patents, denying a petition that the Examiner, who had required additional illustration disclosing the design sought to be patented, be directed either to allow or reject the application for a design patent.

2. If the Examiner, instead of rejecting an application for a design patent, requires additional illustration disclosing the design, the applicant may petition the commissioner to compel definite final action by the Examiner, and if the petition is denied, he may go before the Examiner, and, refusing to amend, demand either allowance or rejection of his application as it stands; and if the Examiner adheres to his insistence upon the amendment, and refuses to entertain a rejection, the applicant may take his appeal in due course. (Citing *Re Mygatt*, 26 App. D. C. 366, and *Re Fullagar*, 32 App. D. C. 222.)

No. 828. Patent Appeals. Submitted January 15, 1913. Decided February 3, 1913.

HEARING on an appeal from a decision of the Commissioner of Patents, denying appellant's petition that the Examiner be directed either to allow or reject his application for a design patent.                         *Appeal dismissed.*

The facts are stated in the opinion.

*Mr. F. B. Brock* for the appellant.

*Mr. Webster S. Ruckman* for the Commissioner of Patents.

Mr. Chief Justice SHEPARD delivered the opinion of the Court:

Otis S. Mygatt is an applicant for a design patent for prism glass shades. The original application was filed June 5th, 1908, and there followed frequent objections and amendments. On April 11th, 1910, the Examiner notified the applicant that his application presented patentable matter, but required him to furnish an additional view in side elevation, or in perspective, in order that the application be clearly illustrated. Applicant appealed to the Examiners-in-Chief, who dismissed the appeal on July 10th, 1911, on the ground that there had been no rejection of the application, wherefore they were without jurisdiction. They suggested, that the applicant's remedy was an appeal by petition to the Commissioner in person. This

course the applicant followed, and the Commissioner, after call-
ing for an additional statement by the Examiner of his reasons
for requiring the amendment, sustained the decision of the Ex-
aminer.   On October 5th, 1911, the applicant filed a verbal
amendment which the Examiner held was not a sufficient com-
pliance with the former requirement; stating in conclusion:
"Applicant having failed to completely disclose the design, the
claim is again rejected." This was the first rejection after the
amendment had been made.  On February 29th, 1912, the ap-
plicant, not treating this as a final rejection of his application,
called the attention of the Examiner to a ruling of the Commis-
sioner in another pending application of applicant, which he
urged as controlling.  The examiner being of the opinion that
the ruling cited was not in point, repeated his requirement of
amendment.   March 28th, 1912, he asked the Examiner to al-
low or reject his application, in order that he might appeal to
the Examiners-in-Chief.   April 11th, 1912, the Examiner,
neither allowing nor rejecting the application, renewed his de-
mand for the amendment, and declared his action final.   On
April 15th, 1912, applicant, by petition to the Commissioner in
person, appealed "from the requirement of the Examiner,
twice repeated, that the applicant furnish additional illustra-
tion in this case, instead of rejecting his application."

After citing certain rulings of the Commissioner, the peti-
tion concluded as follows:   "It is therefore requested that the
Examiner be directed to either allow or reject the application."
As the Commissioner agreed with the Examiner that the
amendment had been properly required, it would have expedit-
ed matters had he directed the Examiner to reject the claim
upon failure of amendment within a reasonable time.   The
Commissioner, however, denied the petition, thereby leaving
the applicant to deal with the Examiner.   His decision was not
upon the merits of the application, for they were not involved,
but interlocutory merely.   From it this appeal has been prose-
cuted.   As has been repeatedly held, appeals do not lie from
interlocutory orders of the Commissioner, or to regulate mat-
ters of practice.   In *ex parte* cases the appellate jurisdiction is

limited to those "where the claims of an applicant for a patent, or the reissue of a patent, after having been twice rejected, have been finally rejected on an appeal to the Commissioner in due course of procedure." *Re Fullagar,* 32 App. D. C. 222–228; and cases there cited. The due course of procedure, described by statute and rules, is, first, an appeal to the Examiners-in-Chief, and from them to the Commissioner. It is true that, under the circumstances the applicant might have treated the action of the Examiner as, in fact, a rejection of his application, he having failed to amend as required, and might have appealed to the Examiners-in-Chief therefrom as from an express rejection, and from them to the Commissioner, and then to this court. Looking to the substance and effect of a similar action in a former case of the same party, and not to the mere form of the decision, this court entertained an appeal that had been prosecuted in the due course of procedure referred to. *Re Mygatt,* 26 App. D. C. 366–369. As pointed out in that case by Mr. Justice Duell, the applicant had two courses open to him: either to petition the Commissioner to compel definite final action by the Examiner; or to treat the action as, substantially and in effect, a final second rejection of his application, and appeal therefrom to the Examiners-in-Chief in due course. In the case cited he pursued the latter course and his appeal was entertained. In the present case he adopted the former. Having elected this remedy and failed, he can do nothing more than go back to the Examiner, and, refusing to amend, demand either allowance or rejection of his application as it stands. If the Examiner should adhere to his insistence upon the amendment, and refuse to entertain a rejection, which is hardly probable, he could take his appeal in due course, as was done in the case cited.

It follows that the appeal must be dismissed. *Dismissed.*

Mr. Justice BARNARD, of the Supreme Court of the District of Columbia, sat with the court in the hearing and determination of this appeal, in the place of Mr. Justice VAN ORSDEL.